IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, | ) | C/A No.: 3:15-1784-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sara Heather Savitz Weiss, John Andrew Delaney, Sterling Davies, CPD former Chiefs and Acting Chiefs [FNU] Burke, Randy Scott, Ruben Santiago, Present or former CPD Officers Julie Ashmore, George McSwain, Former SC 5th Judicial Circuit Solicitors Barney Giese, John Meadors, individually for damages and for qui tam recovery; The McAngus, Goudelock & Courie Law Firm, in its corporate capacity for damages and for qui tam recovery; Jeanette McBride, officially as RC's Clerk of Court for injunctive relief and individually for damages; The City of Columbia SC, City of Columbia SC Police Department (CPD), for injunctive and declaratory relief and for qui tam recovery; Dinah Gail Steele, Larry Wayne Mason, individually for damages; Mark Keel, as Chief of SC's State Law Enforcement Division (SLED), William Nettles as U.S. Attorney for the District of South Carolina (D.S.C.), solely officially and solely for injunctive and declaratory relief; Daniel Johnson, as SC's Fifth Judicial Circuit's Solicitor, Gary Watts, as Coroner for Richland County, SC, Steven Benjamin, as Mayor, All Members of the City of Columbia Council, Teresa Wilson, manager for the | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |

| | |
|---|---|
| City, and all their subordinates and agents who intend to injure Plaintiff, solely officially and solely for injunctive and declaratory relief and for qui tam recovery; and Robert Eldon Hood, as Current SC's Fifth Judicial Circuit's Administrative Judge for General Sessions, solely officially and solely for injunctive if declaratory relief is unavailable or for declaratory relief if available,<br><br>                     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. Among the defendants, Plaintiff sues the City of Columbia ("the City"), the City of Columbia police department ("CPD"), employees of the City and CPD, state employees, private individuals, members of the City of Columbia council, and a United States Attorney. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this amended complaint seeking to recover damages for her allegedly false arrest on July 8, 2010, and subsequent malicious prosecution. [ECF No. 6 at 1–2]. Plaintiff claims that on September 3, 2008, she moved to Apartment 3 at 304

2

Byron Road ("Apartment 3"), an apartment owned by Dinah Steele ("Steele").[1] *Id.* at 6. Plaintiff states that on March 3, 2009, she and her mother purchased property at 324 Byron Road that is located immediately south of 304 Byron Road. *Id.* at 9–10. Plaintiff contends that she began clearing her property on March 12, 2009, at which time Steele and her consort, Larry Mason ("Mason"), cursed at her and threatened her throughout the day, causing Plaintiff's workers to leave the property. *Id.* at 4, 10. Plaintiff alleges that later that evening, Mason left two eviction letters in front of her door. *Id.* Plaintiff claims that Steele and Mason tried to run her off her property because they knew that the sewer lines from 300 and 304 Byron Road "had been illegally and clandestinely run under and across the 324 Byron Road land" to avoid paying initial tap fees and monthly sewer bills. *Id.* Plaintiff claims she asked the City to reroute Steele's sewer lines away from her land, and the City proposed that Steele buy an easement from Plaintiff, which Plaintiff claims would have cost Steele $10,000. *Id.* at 13.

Plaintiff argues that on March 13, 2009, Mason went to the City in an unsuccessful attempt to have Plaintiff's special exception to build on 324 Byron Road reversed. *Id.* at 10–11. Plaintiff alleges that in March 2009, she sued Steele for discrimination in rental terms and conditions[2] and tortious interference with Plaintiff's right to build on 324 Byron Road. *Id.* at 11, 16. Plaintiff states that Steele and Mason filed an eviction action against her on April 1, 2009. *Id.* at 11. Plaintiff contends that in April 2009, she filed a

---

[1] Plaintiff states that Steele also owns an apartment complex on 300 Byron Rd. *Id.* at 6.
[2] Plaintiff states that she paid $550/month in rent and claims the other tenants in her building paid between $325 to $445/month. *Id.*

3

complaint with the South Carolina Human Affairs Commission against Steele for housing discrimination. *Id.*

Plaintiff claims that on December 2, 2009, CPD falsely arrested her and charged her with two counts of harassment in the first degree relating to her interactions with Steele and her tenant, Teresa Ingram. *Id.* at 16. A bond hearing was held on December 2, 2009, and the presiding judge ordered, as a condition of Plaintiff's bond, that Plaintiff not return to Apartment 3 unless accompanied by the police. [ECF No. 6-5 at 13]. Plaintiff alleges that the harassment charge was tried before a jury on February 22–26, 2010, but the jury deadlocked and the case ended in a mistrial. [ECF No. 6 at 16]. Plaintiff claims that in March 2010, she learned that all the witnesses who testified against her at trial had committed perjury that was "suborned" by the prosecution. *Id.*

On July 8, 2010, Plaintiff went to 304 Byron Road, where she alleges Steele and Mason locked the door in the building to prevent her from leaving the property. [ECF Nos. 6-1; 6-2 at 3]. Plaintiff alleges that Steele and Mason then called CPD to have her arrested. [ECF No. 6 at 15]. Plaintiff claims that, "with instructions from [Fifth Judicial Circuit Solicitor Heather Weiss ("Weiss")] and Bob Cooper, Steele and Mason kidnapped [Plaintiff]." *Id.* Plaintiff argues that Weiss conspired to have her kidnapped and arrested because Plaintiff had discovered objective evidence that Weiss had suborned perjury in and leading to Plaintiff's trial. *Id.* at 2. Plaintiff states that she was charged with trespass and that CPD added a "disorderly conduct" charge based on Plaintiff's assertion that she cannot be arrested at Weiss' direction without a warrant. *Id.* at 2, 5. Plaintiff had a bond hearing on July 9, 2010, and the presiding judge released her on a personal recognizance

4

bond and ordered her not to have any contact with the Masons or Apartment 3. [ECF No. 6-2 at 4–5].

Plaintiff argues that any bond conditions imposed on her in 2009–2010 preventing her from returning to her apartment were void because the bond conditions were imposed by municipal judges whose terms allegedly expired in January 2009. [ECF No. 6 at 5]. Plaintiff argues that each time she was arrested, her wrists were severely bruised and her bones possibly fractured because the handcuffs were intentionally applied to her with excessive force. *Id.* at 16. Plaintiff claims that the City arrested her on multiple occasions to force her to

> (a) halt her public criticism of CPD, (b) plead guilty to false charges brought by the CPD in conspiracy with Steele and Mason, (c) surrender her land to them, and (d) relent her push to reopen the cold-case murder of Mason's second wife. . . .

*Id.* at 4.

In August 2010, Plaintiff claims that she publicly reported to the City of Columbia Council "what she saw as the Cooper/Weis modus opernadi" and showed them photos of her injured arms and wrists from her arrest on July 8, 2010. *Id.* at 5. Plaintiff claims that Mayor Benjamin stated that a fair and thorough investigation would be undertaken. *Id.* Plaintiff contends that the July 8, 2010, false charges were resolved in her favor on April 24, 2013. *Id.* Plaintiff alleges that until this date, she had been unable to leave South Carolina or enter her own apartment. *Id.*

Additionally, Plaintiff alleges that Julie Ashmore ("Ashmore") was a key culprit in a CPD cheating scandal and the City never adequately disciplined her. *Id.* at 5–6. Plaintiff

5

also argues that Richland County Coroner Gary Watts ("Watts") failed to re-open an alleged cold murder case. *Id.* at 4–5. Finally, Plaintiff argues that McAngus, Goudelock, & Courie Law Firm ("MG&C"), attorney John Andrews Delaney ("Delaney"), attorney Sterling Davies ("Davies"), Steele, and Mason, conspired with the City and CPD to falsely arrest Plaintiff and to "cause [Plaintiff's] mother's death and run [Plaintiff] off from Columbia." *Id.* at 13, 15. Plaintiff seeks injunctive and declaratory relief and monetary damages. *Id.* at 18.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the

6

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> 1.     No factual allegations (Burke, Scott, Santiago, McSwain, Giese, Meadors, McBride, Keel, Nettles, Johnson, Wilson, and Hood)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to

7

state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Burke, Randy Scott, Ruben Santiago, George McSwain, Barney Giese, John Meadors, Jeanette McBride, Mark Keel, William Nettles, Daniel Johnson, Teresa Wilson, and Robert Elden Hood. Accordingly, the undersigned recommends these defendants be summarily dismissed from the action.

> 2. No Standing/Insufficient Factual Allegations (Ashmore, Watts, and Benjamin)

Plaintiff does not have standing to pursue claims against Ashmore, Watts, and Benjamin, as their alleged behavior—involvement in CPD's "cheating scandal," failure to re-open a cold murder case, and a promise that an investigation of Plaintiff's allegations would take place—did not violate Plaintiff's constitutional rights. Plaintiff may not pursue a claim on behalf of a third party, and her claims against Ashmore and Watts should be summarily dismissed. *See Mitchell v. Cannon*, No. 2:07-3259-PMD-BM, 2009 WL 824202, *18 (D.S.C. Mar. 26, 2009) (finding that claim was subject to dismissal where alleged deprivation was of someone else's constitutional rights, which plaintiff had no standing to assert); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("[A] section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.").

3.  No State Action (Delaney, Davies, MG&C, Steele, and Mason)

Plaintiff's claims of constitutional violations by MG&C, Delaney, Davies, Steele and Mason must be dismissed because these defendants are not state actors and could not have acted under the color of state law. Purely private conduct such as that alleged against these defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). To the extent Plaintiff contends that these defendants acted under the color of state authority because they allegedly conspired with Weiss, the City, and CPD to violate her constitutional rights, Plaintiff fails to provide sufficient factual support for her conspiracy claim. Conspiracy allegations must amount to more than "rank speculation and conjecture," and a plaintiff must provide factual allegations to "at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421–22 (4th Cir. 1996); *see also Davis v. Prometric, Inc.*, No. 13-3611-MBS, 2014 WL 4716493, *4 (D.S.C. Sept. 22, 2014) (finding that Plaintiff's assertion of state action was speculative and unsupported by factual allegations and therefore insufficient to establish that defendant was a state actor). Accordingly, Plaintiff's § 1983 claims against Delaney, Davies, MG&C, Steele, and Mason are subject to summary dismissal.

4.	Prosecutorial Immunity (Weiss)

Plaintiff claims that Weiss conspired to have her kidnapped, falsely arrested and imprisoned. As noted *supra*, Plaintiff has offered insufficient facts to support a conspiracy claim. Instead, Plaintiff's factual allegations show, at most, that Weiss pursued criminal charges against Plaintiff and failed to properly investigate the background of her trial witnesses. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (finding that prosecutors enjoy absolute immunity for prosecutorial functions "intimately associated with the judicial phase of the criminal process"). Because Plaintiff's factual allegations against Weiss relate to actions associated with the prosecution of Plaintiff's criminal charges, Plaintiff's claims are barred by prosecutorial immunity. The undersigned recommends that Weiss be summarily dismissed from this action.

5.	Municipal Liability (The City, CPD, and City of Columbia Council)

Plaintiff alleges a violation of her constitutional rights by the City, CPD, City of Columbia Council. Municipalities and municipal employees sued in their official capacities are only liable under § 1983 based on the execution of a governmental policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Further, a municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v.*

*City of Elizabeth City, North Carolina*, 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff alleges that she has been wrongfully accused of state criminal charges, falsely arrested, maliciously prosecuted, and promised an investigation of her complaints against Weiss and CPD. Plaintiff fails to identify a policy or custom of the City that caused her federal rights to be violated. Plaintiff points to purported meetings between employees of CPD, the City's attorney, and the solicitor's office regarding Plaintiff's December 22, 2009, arrest and subsequent search of her apartment. [ECF No. 6 at 15]. However, these alleged meetings were not related to Plaintiff's arrest on July 8, 2010, that is the subject of this complaint. At most, Plaintiff's allegations only attribute to the City and CPD wrongful acts of their employees. As such, the undersigned recommends Plaintiff's claims against the City, CPD, and City of Columbia Council be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 27, 2015                                                  Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).