IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas,                                    )<br>                                                          )<br>            Plaintiff,                                   )<br>                                                          )<br>v.                                                        )<br>                                                          )<br>Sara Heather Savitz Weiss, John Andrew                    )<br>Delaney, Sterling Davies, CPD former                      )<br>Chiefs and Acting Chiefs [FNU] Burke,                     )<br>Randy Scott, Ruben Santiago, Present or                   )<br>former CPD Officers Julie Ashmore, George                 )<br>McSwain, Former SC 5th Judicial Circuit                   )<br>Solicitors Barney Giese, John Meadors,                    )<br>*individually for damages and for qui tam*                )<br>*recovery*; The McAngus, Goudelock &                      )<br>Courie Law Firm, *in its corporate capacity*              )<br>*for damages and for qui tam recovery*;                   )<br>Jeanette McBride, *officially as RC's Clerk*              )<br>*of Court for injunctive relief and*                      )<br>*individually for damages*; The City of                   )<br>Columbia SC, City of Columbia SC Police                   )<br>Department (CPD), *for injunctive and*                    )<br>*declaratory relief and for qui tam recovery*;            )<br>Dinah Gail Steele, Larry Wayne Mason,                     )<br>*individually for damages*; Mark Keel, *as*               )<br>*Chief of SC's State Law Enforcement*                     )<br>*Division (SLED)*, William Nettles, *as U.S.*             )<br>*Attorney for the District of South Carolina*             )<br>*(D.S.C.), solely officially and solely for*              )<br>*injunctive and declaratory relief*; Daniel               )<br>Johnson, *as SC's Fifth Judicial Circuit's*               )<br>*Solicitor,* Gary Watts, *as Coroner for*                 )<br>*Richland County, SC*, Steven Benjamin,                   )<br>*as Mayor*, All Members of the City of                    )<br>Columbia Council, Teresa Wilson, *manager*                )<br>*for the City,* and all their subordinates and            )<br>agents who intend to injury Plaintiff, *solely*           )<br>*officially and solely for injunctive and*                )<br>*declaratory relief and for qui tam recovery;*            )<br>and Robert Eldon Hood, *as Current SC's*                  )<br>*Fifth Judicial Circuit's Administrative*                 )<br>*Judge for General Sessions, solely officially*           ) | Case No. 3:15-cv-01784-TLW |

1

*and solely for injunctive if declaratory relief* )
*is unavailable or for declaratory relief if* )
*available*, )
                                            )
                Defendants. )
_____ )

## ORDER

Plaintiff Marie Assa'ad-Faltas, proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on April 24, 2015. (Doc. #1). She filed an Amended Complaint on May 8, 2015. (Doc. #6). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss this action without prejudice and without issuance and service of process. (Doc. #10). Plaintiff filed preliminary objections to the Report on June 15, 2015 (Doc. #12), and supplemental objections on July 1, July 2, July 7, July 15, and July 20, 2015 (Doc. #19, 20, 21, 24, 25).

On July 15 and 20, Plaintiff also filed third and fourth motions for an extension of time in which to file additional supplemental objections to the Report. (Doc. #23, 26). In its Order granting Plaintiff's second motion for an extension, the Court advised Plaintiff that no further extensions of time would be granted absent compelling circumstances. (Doc. #17 at 2). Plaintiff now contends that two such circumstances exist: first, her laptop continues to overheat; and second, Plaintiff is awaiting the preparation of the transcripts of two August 2010 hearings "in the matter which motivated Lead Defendant Weiss to conspire to have Dr. Faltas kidnapped and

2

falsely arrested and maliciously prosecuted . . . ."[1]  (Doc. #23, 26).  For the reasons set forth below, Plaintiff's motion is denied.

Section 636(b) of Title 28 of the United States Code states that "[w]ithin <u>fourteen days</u> after being served with a copy, any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations as provided by rules of court."  (emphasis added).  Fifty-seven days have now passed since the Magistrate Judge issued her Report, and the Court has already granted Plaintiff two extensions of time in which to file supplemental objections.  (<u>See</u> Doc. #14, 17).  Plaintiff has filed preliminary objections and five sets of supplemental objections, totaling 211 pages.  (Doc. #12, 19, 20, 21, 24, 25).  The Court finds that Plaintiff has not set forth compelling circumstances sufficient to warrant a third extension of time in which to file additional supplemental objections.[2]  Plaintiff's motions are denied, and the Magistrate Judge's Report is now ripe for review.

In conducting this review, the Court applies the following standard:

---

[1] In her third motion for an extension, Plaintiff also indicates that she has been unable to procure the complete transcript of a February 2010 trial, which "could hold proof that, in addition to conspiring to frame the innocent, [Defendant] Weiss also tampered with the jury by ensuring the presence thereon of a client of her father's."  (Doc. #23).  In the fourth motion, she indicates that she has since received the missing transcript pages.  (Doc. #26).

[2] Plaintiff has failed to establish that production of the transcripts at issue would demonstrate that the Magistrate Judge incorrectly recommended summary dismissal of Plaintiff's claims against Defendant Weiss.  As discussed below, Plaintiff has failed to state a claim against Defendant Weiss upon which relief can be granted, and this action is therefore subject to summary dismissal.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted.").  Evidence of Defendant Weiss' motivation "to conspire to have Dr. Faltas kidnapped and falsely arrested and maliciously prosecuted," as exhibited by August 2010 transcripts, will not cure the clear failure of Plaintiff's pleadings to set forth a cognizable claim that Defendant Weiss engaged in a civil conspiracy, fabricated evidence, suborned perjury, or otherwise acted improperly in connection with Plaintiff's allegedly unlawful July 2010 arrest.  <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390-91 (4th Cir. 1990).  Accordingly, Plaintiff has not established that the absence of the transcripts is a compelling circumstance that warrants an additional extension of time.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff specifically objects to the Magistrate Judge's conclusion that Defendant Weiss is entitled to absolute immunity as a prosecutor.  She contends that Defendant Weiss is not entitled to prosecutorial immunity because she was not the prosecutor of the allegedly false charges at issue in this action.  (Doc. #19).  She further asserts that Defendant Weiss fabricated evidence; conspired with Defendants Mason and Steele to kidnap Plaintiff "and either take her to, or confine her in, her own apartment to have her falsely arrested and prosecuted for trespass"; "suborned perjury"; and "actively stole/caused others to steal exculpatory evidence to deny [Plaintiff] access to that evidence at trial."  (Doc. #24 at 3, 5).

To the extent Plaintiff seeks to raise a civil conspiracy claim against Defendant Weiss, Plaintiff's objections are overruled.  The Magistrate Judge correctly explains in the Report that "[c]onspiracy allegations must amount to more than 'rank speculation and conjecture,' and a plaintiff must provide factual allegations to 'at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'"  (Doc. #10 at 9 (citing Hinkle v. City of Clarksburg, 81 F.3d 416, 421-22 (4th Cir. 1996))).  Plaintiff's allegations are merely speculation and conjecture; she has failed to

4

set forth factual allegations sufficient to support a conspiracy claim against Defendant Weiss.

To the extent Plaintiff seeks to assert a claim against Defendant Weiss for fabricating evidence, the Court agrees with Plaintiff that Defendant Weiss is entitled to qualified, rather than absolute, immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. . . . When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect one and not the other." (internal quotation marks omitted)). However, the Court finds that Plaintiff's claims that Defendant Weiss "actively suborned perjury, actively fabricated false evidence, and actively stole/caused to steal exculpatory evidence to deny Dr. Faltas access to that evidence at trial" (Doc. #24 at 5), are subject to summary dismissal because they are insufficiently pled.  Plaintiff has failed to set forth factual allegations that make her claims for relief plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007).  Her contentions are precisely the types of "unadorned, the-defendant-unlawfully-harmed-me" accusations forbidden by the Supreme Court in Iqbal and Twombley.  Iqbal, 556 U.S. at 678 (citing Twombley, 550 U.S. at 555).  Accordingly, the Court accepts the Magistrate Judge's recommendation that Defendant Weiss be summarily dismissed from this action.

The Court has carefully and thoroughly reviewed the Report and the remainder of Plaintiff's objections and supplemental objections thereto in accordance with the standard announced in Wallace, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law.  Accordingly, it is hereby **ORDERED** that the Report and

Recommendation is **ACCEPTED** (Doc. #10), and Plaintiff's objections and supplemental objections thereto are **OVERRULED** (Doc. #12, 19, 20, 21, 24, 25).  For the reasons articulated by the Magistrate Judge, the Complaint is **DISMISSED** without prejudice and without issuance and service of process.  Plaintiff's motions for an extension of time are **DENIED**.  (Doc. #23, 26).

    **IT IS SO ORDERED.**

                                      *s/ Terry L. Wooten*
                                      Terry L. Wooten
                                      Chief United States District Judge

July 23, 2015
Columbia, South Carolina