IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-01784-TLW |
| | ) | |
| Sara Heather Savitz Weiss, John Andrew Delaney, Sterling Davies, CPD former Chiefs and Acting Chiefs [FNU] Burke, Randy Scott, Ruben Santiago, Present or former CPD Officers Julie Ashmore, George McSwain, Former SC 5th Judicial Circuit Solicitors Barney Giese, John Meadors, *individually for damages and for qui tam recovery*; The McAngus, Goudelock & Courie Law Firm, *in its corporate capacity for damages and for qui tam recovery*; Jeanette McBride, *officially as RC's Clerk of Court for injunctive relief and individually for damages*; The City of Columbia SC, City of Columbia SC Police Department (CPD), *for injunctive and declaratory relief and for qui tam recovery*; Dinah Gail Steele, Larry Wayne Mason, *individually for damages*; Mark Keel, *as Chief of SC's State Law Enforcement Division (SLED)*, William Nettles, *as U.S. Attorney for the District of South Carolina (D.S.C.), solely officially and solely for injunctive and declaratory relief*; Daniel Johnson, *as SC's Fifth Judicial Circuit's Solicitor,* Gary Watts, *as Coroner for Richland County, SC*, Steven Benjamin, *as Mayor*, All Members of the City of Columbia Council, Teresa Wilson, *manager for the City,* and all their subordinates and agents who intend to injury Plaintiff, *solely officially and solely for injunctive and declaratory relief and for qui tam recovery;* and Robert Eldon Hood, *as Current SC's Fifth Judicial Circuit's Administrative Judge for General Sessions, solely officially* | ) | |

1

*and solely for injunctive if declaratory relief* )
*is unavailable or for declaratory relief if* )
*available*, )
                                                 )
                Defendants. )
_____ )

**ORDER**

The Plaintiff, Marie Assa'ad-Faltas ("Plaintiff"), proceeding *pro se* and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on April 24, 2015 alleging violations of her constitutional rights. (Docs. #1, 6). Plaintiff sought injunctive and declaratory relief and monetary damages against numerous Defendants, including the City of Columbia, the City of Columbia Police Department, employees of the City and the City of Columbia Police Department, members of the City of Columbia Council, and the United States Attorney for the District of South Carolina, among others. After careful consideration and review, this Court entered an Order on July 23, 2015 accepting the Magistrate Judge's Report and Recommendation ("the Report") (Doc. #10) and dismissed the Amended Complaint (Doc. #6) without prejudice and without issuance and service of process. (Doc. #21).

This matter is now again before the Court for consideration of the Plaintiff's Rule 59(e) Motion to Reconsider and "Partially Vacate" this Court's Order accepting the Magistrate Judge's Report, filed on August 20, 2015. (Doc. #30). In the motion, the Plaintiff requests that this Court "vacate all parts of its 23 July 2015 ORDER except where it 'agree[d] with Plaintiff that Defendant Weiss is entitled to qualified, rather than absolute immunity.'" (Doc. #30 at 1).

The Plaintiff brought this action pursuant to 42 U.S.C. § 1983. The Court previously carefully reviewed the record, the Report, and the Plaintiff's objections, supplemental objections, and additional attachments thereto. After conducting a <u>de novo</u> review of the documents before it, the Court determined that the Magistrate Judge's findings were accurate and thus accepted the

2

Report and Recommendation and dismissed the above-captioned action. (Doc. #25). The Plaintiff now moves to reconsider the original Order because "this Court committed clear errors of law on the degree of details needed to survive dismissal at this stage on conspiracy allegations and overlooked clear facts of record of this case and/or available for this Court's judicial notice from other cases referenced in the complaint." (Doc. #30 at 1). This Court disagrees. After careful consideration, this Court finds that it applied the law correctly to the facts of this matter.

The Plaintiff further asserts in the motion to partially vacate that "previously unavailable transcripts and facts warrant reopening this case and allowing it to proceed to discovery and trial." (Doc. #30 at 1). After reviewing the Plaintiff's motion and attachments thereto, this Court concludes there is no basis to amend, alter, or partially vacate the original Order. The Plaintiff has provided the Court with no new facts or law to warrant such a remedy.

Accordingly, Plaintiff's Rule 59(e) Motion to Reconsider and Partially Vacate this Court's Order dismissing the above-captioned action without prejudice and without issuance and service of process is hereby **DENIED**. (Doc. #30).

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

October 20, 2015  
Columbia, South Carolina